**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:25CV-P147-JHM**

DOUGLAS AARON WILSON                                                    PLAINTIFF

v.

ISREAL BERGENSON *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Douglas Aaron Wilson filed the instant *pro se* 42 U.S.C. § 1983 action.  This

matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A.

For the reasons stated below, the Court will dismiss the action.

**I.  SUMMARY OF ALLEGATIONS**

Plaintiff is a pretrial detainee at the Hart County Jail (HCJ).  He sues Hart County Jailer

Isreal Bergenson in his individual and official capacity and HCJ Deputy Dustin Daniels in his

individual capacity only.

Plaintiff states that on October 3rd he was "caught sniffing dip in my cell" by Daniels.

Plaintiff asserts that Daniels put him in an isolation cell for 3 days.  He further states as follows:

> This cell was only made to house one inmate.  But there was 3 of us in there total.
> One (1) man was made to sleep on the only steele bunk while the other two (2) had
> to sleep on the concrete floor for 16 hours each day with no matt, blanket's, or
> sheet's.  I only received my matt, blanket's, and sheet's 8 hours a day, 10:30 pm
> until 6:00 am each day.  Also from 5:30 am to 6:30 am each day I was only allowed
> to set up on my matt.  So I actually only got to lay down and rest on my matt for 7
> and ½ hours a day.

Plaintiff continues, "This went on like this until Monday, October the 6th" when another deputy

"put him back in population."  He states that he filed a grievance on the matter and that Daniels

"stated he was just doing his job because he didn't want to be fired."  He further states that he has

had several surgeries on both of his legs and right arm.  He asserts that "laying on concrete for so

many hours a day caused extreme pain and discomfort not to mention the mental stress and anxiety all of this has caused me." He states, "Not once did anyone show any kind of compassion or remorse in this situation."

As relief, Plaintiff requests a "DOC investigation."

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

2

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because Plaintiff is a pretrial detainee, his claims challenging his conditions of confinement are brought under the Fourteenth Amendment.  *See Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022).  The standard for a conditions-of-confinement claim under the Fourteenth Amendment has two prongs.  To satisfy the first, or objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Contemporary standards of decency determine whether conditions of confinement meet this standard.  *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  Not every unpleasant experience a prisoner might endure establishes a constitutional violation.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities."  *Hadix*, 367 F.3d at 525 (quoting *Rhodes*, 452 F.3d at 525).  To satisfy the second prong, a plaintiff must show that defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Brawner v. Scott Cnty.*,

14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 836). Stated another way, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id*. at 596–97 (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)).

Plaintiff alleges that over a three-day period he had to sleep on a concrete floor for 16 hours a day with no mat, blankets, or sheets; that he only received his mat, blankets, and sheets 7.5 hours a day; and that from 5:30 am to 6:30 am each day he was only allowed to sit up on his mat. The Court finds that Plaintiff's described conditions lasting only three days does not allege an extreme deprivation to satisfy the objective component of a Fourteenth Amendment claim. *See Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003) (seven-day period where inmate was not given mattress, blanket, or sheets did not deprive her of basic human needs or cause her to suffer serious harm); *Wells v. Jefferson Cnty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation); *Martinez v. Gore*, No. 5:21-CV-P50-TBR, 2021 U.S. Dist. LEXIS 104358, at *37 (W.D. Ky. June 3, 2021) ("The Court finds that Plaintiff's claim that he spent four days with nothing but paper boxers to wear in a cold cell with no mat, sheets, blankets, shoes, socks, or other property, standing alone, does not state a [constitutional] claim."). Moreover, "this Court has found that a Fourteenth Amendment violation does not lie for the deprivation of a mattress during ordinary waking hours." *Riggins v. Christian Cnty.*, No. 5:21-CV-P104-JHM, 2024 U.S. Dist. LEXIS 168213, at *19 (W.D. Ky. Sept. 18, 2024) (citing *Velasquez v. Lewis*, No. 4:20CV-00172-JHM, 2022 U.S. Dist. LEXIS 99476, at *7 (W.D. Ky. June 3, 2022) (the objective prong of the Fourteenth Amendment standard is not met where pretrial detainee did not have mattress or bedding from 8:00 am until 10:00 pm each day).

Further, Plaintiff's allegation that the three-day mat restriction caused him "extreme pain and discomfort" and mental stress and anxiety likewise is not sufficient to meet the objective standard. *See, e.g.*, *Riggins*, 2024 U.S. Dist. LEXIS 168213, at *20 (finding that the allegation of deprivation of a mattress for duration of detainee's 14-day segregation did not meet the objective component where the inmate did not allege "any injury beyond 'chronic back pain' as a result of the deprivation"); *Grissom*, 55 F. App'x at 757 (the plaintiff failed to allege "that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm" despite alleging that her "body was aching" as a result).

For these reasons, Plaintiff's claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted.

Finally, the relief requested by Plaintiff—an investigation—is not an available remedy under § 1983. Citizens have no constitutional or federal statutory right to compel the investigation of another person. *Ruffin v. Milacheck*, No. 5:22CV-P159-JHM, 2023 U.S. Dist. LEXIS 91248, at *6 (W.D. Ky. May 24, 2023) (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54 (1986)); *see also Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017). Moreover, a district court has no authority to order a criminal investigation, nor can it do so itself. *Kuilan v. Zimmerman*, No. 22-5331, 2022 U.S. App. LEXIS 29631, at *2 (6th Cir. Oct. 24, 2022). Therefore, Plaintiff's claim seeking an investigation of Defendants must also be dismissed for failure to state a claim.

## IV.  CONCLUSION

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:   March 17, 2026

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:      Plaintiff, *pro se*
4414.010